FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jul 13, 2018
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| HERBERT WAYNE SMITH & KIMBERLY SMITH | § § § § | CIVIL ACTION NO. 18-1042 SOH |
| PLAINTIFF | § § | |
| VERSUS | § § § § § § | |
| TRW AUTOMOTIVE U.S. LLC TRW VEHICLE SAFETY SYSTEMS INC. CHRYSLER MOTORS LLC F/K/A CHRYSLER LLC F/K/A CHRYSLER CORPORATION AND FCA US LLC F/K/A CHRYSLER GROUP, LLC | § § § § § § § § § | |
| DEFENDANTS | § | |

## COMPLAINT

This action is being brought by the Plaintiffs, Herbert Wayne Smith and Kimberly Smith ("Plaintiffs"), against the TRW Automotive US, LLC ("TRW"), TRW VEHICLE SAFETY SYSTEMS, INC. ("TRW-VSSI), Chrysler LLC f/k/a Chrysler Corporation and FCA US LLC f/k/a Chrysler Group, LLC ("Chrysler"), Defendants, for damages for strict liability, negligence, intentional infliction of emotional distress, fraud and compensatory damages, property damages and punitive damages.

PARTIES

1) Herbert Wayne Smith and Kimberly Smith, individual Plaintiffs domiciled in Camden, Arkansas located in Ouachita County, Arkansas.

1

2) TRW Automotive US, LLC ("TRW"), a limited liability company registered in the State of Arizona and licensed authorized to do business in the State of Arkansas as the manufacturer of the Airbag Electronic Control Module that was subsequently installed in the Plaintiffs' 2008 Dodge Caravan. TRW is a specialized supplier of automotive safety systems that designs, manufactures, tests, markets, distributes and sells airbags.

3) TRW Vehicle Safety Systems, Inc. (hereinafter "TRW-VSSI") a Delaware corporation with its principal place of business located in Washington, Michigan. At all times relevant to the Complaint, TRW-VSSI was a wholly owned subsidiary of TRW Inc. In 2015, ZF Friedrichshafen AG, a global leader in certain automotive technology, acquired TRW. TRW was then incorporated into ZF as a new division referred to as "Active and Passive Safety Technology". The combined company operates under the name of ZF Friedrichshafen AG. Pursuant to the terms of the merger, TRW became a wholly owned subsidiary of ZF.

4) Chrysler LLC f/k/a Chrysler Corporation and FCA US LLC f/k/a Chrysler Group, LLC ("Chrysler"), a for profit corporation with its principal place of business in Auburn Hills, Michigan. Chrysler LLC f/k/a Chrysler Corporation and FCA US LLC f/k/a Chrysler Group, LLC manufactures and sells automobiles through retailer dealers, outlets and authorized dealerships primarily in North America and Arkansas.

5) Plaintiffs assert that there may be additional corporations, business entities and insurance companies that should be named Defendants. Plaintiffs will seek leave of court to amend the Complaint to list additional Defendants.

I. JURISDICTION AND VENUE

1) This Court has jurisdiction based on diversity of citizenship under 28 § USC 1332(a)(1) because the state of citizenship of Plaintiffs is different from the state of citizenship of each of the Defendants, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Plaintiffs are citizens of the state of Arkansas and reside at 604 Sycamore Avenue, Camden, Arkansas 71701. Defendants are citizens and residents of a state other than Arkansas and the defective components at issue were sold in Arkansas.

2) This Court has personal jurisdiction over the parties based on their residency, the business conducted in Arkansas, the long-arm statute, distribution of the product into Arkansas, and the parties' numerous contacts with the state.

3) Pursuant to 28 U.S. Code §1391, this civil action may be brought in a judicial district where any defendant resides or a substantial part of the property that is the subject of the action is situated. The Defendants conduct business within the Western District of Arkansas, and it distributes products in the Western District of Arkansas. Furthermore, the vehicle that is the subject of this action is situated in the Western District of Arkansas.

II. FACTS

On October 26, 2013, Herbert Wayne Smith purchased a pre-owned 2008 Dodge Caravan VIN 1D8HN54P28B141999 from Smart Chrysler. In June 2017, Herbert Wayne

3

Smith received two recall notices relating to the ignition and the occupant restraint control module. Mr. Smith contacted Chrysler to schedule the repairs associated with both recalls. He was able to get the ignition repaired. Nevertheless, Chrysler advised him that the occupant restraint control module could not be repaired until August 4, 2017. Chrysler did not have the part.

On July 14, 2017, Herbert Wayne Smith was driving the 2008 Dodge Caravan VIN 1D8HN54P28B141999 on Interstate 20 in between Bossier and Haughton, Louisiana. Herbert Wayne Smith was talking to his wife, Kimberly Smith on the phone, and the passenger airbag suddenly exploded. Kimberly Smith was on the phone and questioned her husband about the loud noise. Herbert Wayne Smith proceeded to hang up the phone to get off the main interstate. As Herbert Wayne Smith was looking at the traffic in his rear-view mirror, he mashed the malfunctioned passenger airbag down to try and see out of the passenger side window. Thereafter, he noticed that the airbag shattered his windshield.

Herbert Wayne Smith opened his mouth, and literally said "Oh my God". As he opened his mouth, the driver's side airbag exploded, and spewed out several chemicals into his mouth and in the van. Mr. Smith could not see and the van shook to the right and went over into the next lane. The cars were coming into his lane of travel so he had to jerk the vehicle back into the left lane.

Mr. Smith let the window down to allow the smoke and chemicals to pour out. As Mr. Smith let the window down, the curtain airbag on the driver's side, exploded without warning and knocked him over again. He immediately grabbed the van steering wheel to stabilize it, and the curtain airbag on the passenger side subsequently exploded. Mr. Smith

pulled off the interstate, and slowly proceeded to the nearest exit. He pulled into the Pilot truck stop and proceeded to called 911. Thereafter, he was transported to the hospital for treatment.

Mr. Smith has suffered extensive injuries from the inadvertent airbag deployment in the 2008 Dodge Caravan. He has been treated for breathing complications, abdominal pains, chest contusion, chemical burns, skin rashes and irritation, extensive backpain and a subsequent heart attack that occurred one month after the inadvertent airbag deployment.

Mr. Smith reported the incident to Defendant, FCA US LLC, and cooperated with their investigation of the subject vehicle. The vehicle was inspected and diagnosed on or about August 3, 2017. Thereafter, Mr. Smith took the vehicle to Chrysler's airbag specialist and he was not given any information about the cause of the airbag deployment. Mr. Smith attempted to contact Chrysler numerous times to get an update. The only person that contacted him via telephone was someone named "Paul", and this call occurred six weeks after the incident occurred.  (Exhibit A)

On December 20, 2017, Mr. Smith received an Urgent Safety Recall Notice regarding the Occupant Restraint Control Module – S07/NHTSA. This notice was received more than five months after the airbag explosion occurred. (Exhibit B)

On January 4, 2018, Chrysler sent a letter to Mr. Smith indicating that the airbag explosion was not due to a manufacturing responsibility. Chrysler indicated that multiple recall notices were allegedly sent to Mr. Smith, and that it was his responsibility to respond

promptly when recall notices are issued, to avoid the potential problems. Chrysler advised that they would only be responsible for recall repairs only. (Exhibit C)

Mr. Smith has been a loyal Chrysler customer, and he was disturbed by Chrysler's failure to take responsibility for its defective manufacturing of the airbags in the vehicle. Mr. Smith owns two other Dodge Caravans, and he has been forced to drive the vehicles not knowing if the airbags will inadvertently deploy yet again.

COUNT I – STRICT LIABILITY

1.

Plaintiffs incorporate all previous paragraphs as if fully reproduced herein.

2.

TRW and TRW-VSSI was and is in the business of supplying safety equipment including airbags and the Occupant Restraint Control Module to the auto industry. TRW supplied the airbag model, BAM-PT-1194, to Chrysler for the vehicle involved in the present incident. TRW-VSSI supplied the Occupant Restraint Control Module for the subject vehicle.

3.

According to the National Highway Traffic Safety Administration Recall Number 16V-047, the Occupant Restraint Control Module may malfunction due to corrosion of the power supply integrated circuit. This could result in an illuminated airbag warning lamp with the possibility of no airbag deployment in a crash necessitating airbag deployment or an inadvertent airbag deployment without an illuminated airbag warning lamp. The Occupant Restraint Control Module must be replaced. As such, TRW and TRW-VSSI are strictly liable for the injuries, including the

enhanced past, present and future injuries sustained during the inadvertent deployment. The defective nature and unreasonably dangerous design of the airbag system and Occupant Restraint Module were a proximate cause of the injuries sustained. The airbag system and Occupant Restraint Module were in substantially the same condition at the time of the inadvertent deployment as it was when it was distributed to the consuming public. A safer alternative design was economically and technologically feasible at the time the product left the control of TRW and TRW-VSSI.

COUNT II - NEGLIGENCE

4.

TRW-VSSI owed consumers the duty to use reasonable care in the design, testing, assembly, manufacture, marketing, and distribution of the Occupant Restraint Control Module provided to Chrysler, and also a duty to carry out their unique responsibilities with reasonable care to ensure that consumers were in fact getting state of the art quality safety equipment. The duty included the duty to use existing knowledge and experience to ensure that lives were not adversely harmed as a result of safety issues associated with the ordinary and foreseeable use of the Caravan.

5.

TRW supplied a defective airbag system in that it was defective in how it deployed, and the driver airbag had a hole in it when it deployed. The driver airbag did not inflate when it spontaneously and inadvertently deployed while Mr. Smith was driving the Caravan. The chemicals contained in the airbag spewed out of the hole directly into Mr. Smith's mouth. TRW owed consumers the duty to use reasonable care in the design, testing, assembly, manufacture, marketing, and distribution of the airbag provided to Chrysler, and also a duty to carry out their

unique responsibilities with reasonable care to ensure that consumers were in fact getting state of the art quality safety equipment. The duty included the duty to use existing knowledge and experience to ensure that lives were not adversely harmed as a result of safety issues associated with the ordinary and foreseeable use of the Caravan.

6.

TRW-VSSI and TRW breached their duties and was negligent in carrying out their responsibilities to the consuming public. The negligence included negligent design; negligent testing; negligent failure to adequately test; negligent marketing of the vehicle; negligent monitoring of field related problems; negligent communication of the risks to Chrysler and the consumer; and negligent failure to warn. TRW-VSSI and TRW had unique and specific knowledge about the dangers associated with the airbags and Occupant Restraint Control Module, and had this knowledge prior to production of the system at issue in the litigation.

7.

Vehicle manufacturer Defendant, Chrysler, had a duty to use reasonable care in the design, development, testing, manufacture, assembly, marketing and distribution of vehicles and the 2008 Dodge Caravan VIN 1D8HN54P28B141999. Chrysler breached its duty by acting in a way that a reasonably careful designer and manufacture of vehicles would not act under like circumstances and by failing to take action that a reasonably careful designer and manufacturer of vehicles would take under like circumstances.

8.

Chrysler breached its duty by designing a vehicle utilizing an Occupant Restraint Control Module that malfunctioned due to corrosion of the power supply integrated circuit. This could

resulted in an inadvertent airbag deployment without an illuminated airbag warning lamp. Chrysler also breached its duty by designing a vehicle with an airbag system that did not properly inflate and deploy. Lastly, the duty was also breached in designing a vehicle that contained airbags with unsafe chemicals in it.

9.

The referenced negligence and production of a defective product was a proximate cause of the incident, injuries and damages suffered by Plaintiffs.

10.

At all times relevant to the Complaint, Defendants were "merchants" in the business of supplying goods and/or products sold for consumer usage. The vehicle, airbag and Occupant Restraint Control Module were goods and/or products sold for consumer usage. As such, Defendants breached the warranties of merchantability and fitness for a particular purpose in that the 2008 Dodge Caravan was not fit for ordinary use or for the intended use for which it was purchased. These breaches of warranty proximately resulted in the incident and injuries sustained by Plaintiffs. The product was unfit as previously described in Counts 1 and 2. Notice has been provided as required by law.

COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11.

Plaintiffs incorporate all previous paragraphs as if fully reproduced herein. Defendants are liable to Plaintiffs for intentional infliction of emotional distress based upon its intentional and extreme and outrageous conduct.

## COUNT 5 – FRAUD

12.

Plaintiffs incorporate all previous paragraphs as if fully reproduced herein. Chrysler is liable to Plaintiffs for its fraudulent concealment of the defective airbag system and misrepresentation in asserting that it sent multiple recall notices to Plaintiffs prior to the accident occurring and in fraudulently concealing the cause of the inadvertent deployment.

## DAMAGES

13.

As a proximate result of the conduct of TRW, TRW-VSSI and Chrysler as fully set forth herein, Plaintiffs have suffered injuries and damages. Plaintiffs are seeking monetary damages from TRW, TRW-VSSI and Chrysler to compensate them for the following elements of damages:

26.01   Past medical expense

26.02 Past and future mental anguish

26.03 Past pain and suffering

26.04 Loss of society and companionship

26.05 Loss of life, value of life and life enjoyment

26.06 Property damage

26.07 Conscious pain and suffering

Plaintiffs reserve the right to prove the amount of damages at trial.

## PUNITIVE DAMAGES

14.

In addition to compensatory damages, Plaintiffs are seeking punitive damages from TRW, TRW-VSSI and Chrysler because the conduct constitutes reckless, grossly negligent, willful, wanton, malicious behavior that needs to be punished in order to deter others from participating in similar future misconduct. The acts set forth in this complaint were steps taken by Defendants with knowledge of the associated risks to consumers. Defendants took the steps to set forth herein conscious disregard for the potential consequences and under circumstances for which a jury could determine that each of them willfully, wantonly, recklessly and maliciously endangered a human life. Defendants have been sued regarding inadvertent airbag deployment may times, including suits filed prior to the incident.

Defendants were and are fully aware of the design decisions, and deserves to be punished in a civil forum for their malicious misconduct. The amount of punitive damages is to be awarded within the discretion of the jury.

15.

Plaintiffs reserve the right to amend their complaint by adding additional counts as discovery continues.

16.

Plaintiffs request a trial by jury on all issues.

WHEREFORE, PLAINTIFFS pray for judgment on their complaint against TRW, TRW-VSSI and Chrysler and for any and all other just relief this court may deem appropriate.

Respectfully Submitted:

_____
Kristen B. Pleasant #30672

_____
Jessica W. Williams #32956

_____
Donecia Banks-Miley #35641
Pleasant, Williams & Banks-Miley Law Group, LLC
901 N 3rd Street
Monroe, LA 71201
318-605-4607 (Office)
318-605-4617 (Facsimile)